IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Case No. **1:19-cv-320**

| | |
|---|---|
| **TECHNICAL LED INTELLECTUAL PROPERTY, LLC,** a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**SHENZHEN GOSUND TECHNOLOGY CO., LTD, d/b/a GOSUND.**<br><br>Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT**<br>**(U.S. PATENT NO. RE41,685)**<br>***<br>**JURY TRIAL DEMANDED** |

This is an action for patent infringement in which Technical LED Intellectual Property, LLC ("Technical LED" or "Plaintiff") makes the following allegations against Shenzhen Gosund Technology Co., Ltd. ("Gosund" or "Defendant"). Headings are interposed for convenience; all allegations are deemed incorporated into each ground of this complaint as though separately realleged.

## PARTIES

1. Plaintiff Technical LED is a Delaware limited liability company, with its principal place of business located at 251 Little Falls Dr., Wilmington, DE 19808.

2. Defendant Shenzhen Gosund Technology Co., Ltd, d/b/a Gosund is, on information and belief, a limited liability company in Shenzhen, China, that is

-1-

doing business in the United States through its branch office having a place of business at 333 Erwin Road, Chapel Hill, NC, 27514.

## JURISDICATION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or North Carolina's Long Arm Statue, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in North Carolina and in this Judicial District; and having a regular and established place of business in this Judicial District. At the least, Defendant has subjected itself to this Court's specific and general personal jurisdiction by holding itself out as conducting business in this forum. By way of example, Defendant's user

manuals for the accused products list Defendant as the manufacturer, and provide as Defendant's sole address "333 Erwin Rd, Chapel Hill, NC, 27514" and provide as its sole phone number "919-973-5149;" and Defendant has advertised on the "contact us" page of its website that its address is the aforestated Chapel Hill, NC address.

## COUNT I

### Infringement of U.S. Patent No. RE41,685

6. Plaintiff is the owner by assignment of United States Patent No. RE41,685 ("the '685 Patent") titled "Light Source with Non-White and Phosphor-Based White LED Devices and LED Assembly." The '685 Patent reissued on September 14, 2010. A true and correct copy of the '685 Patent is attached as Exhibit A.

7. Upon information and belief, including by reason of Defendant's own statements in Defendant's own user manuals and on Defendant's own website, and by reason of product examination, Defendant directly or through intermediaries has been and is now infringing the '685 Patent in the State of North Carolina, in this judicial district, and elsewhere in the United States, by making, using, providing, supplying, distributing, selling, and/or offering for sale products, including its smart wifi enabled color changing lights and similar type assemblies, comprising a

light source that infringes one or more claims of the '685 Patent and particularly, e.g., claims 10 through 14 of the '685 Patent. The '685 Patent reads on Gosund's wifi enabled smart lights as set forth in the exemplary claims chart attached as Exhibit B, depicting an actual Gosund product compared to claims of the '685 Patent.

8. Defendant sells and/or authorizes the sale of these infringing products at least via its website at www.Gosund.com, and via at least one additional online seller, Amazon.com, that has a physical presence and does business in Durham, North Carolina. Defendant states on its website that it is the manufacturer of the infringing smart wifi enabled color changing lights.

9. Upon information and belief and in view of the foregoing, Defendant has been and is continuing to directly infringe, literally infringe, and/or infringe the '685 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '685 Patent pursuant to 35 U.S.C. § 271.

10. As a result of Defendant's infringement of the '685 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this

Court. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '685 Patent, Plaintiff will be greatly and irreparably harmed.

## DEMAND FOR JURY TRIAL

Technical LED, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed and is infringing the '685 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of '685 Patent, or such other equitable relief the Court determines is just and proper;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, attorneys fees, costs, expenses, and prejudgment and post-judgment

interest for Defendant's infringement and willful infringement of the '685 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

Respectfully submitted this 21st day of March, 2019.

| | |
|---|---|
| Of Counsel<br>(Special Appearance Being Entered):<br><br>Louis M. Heidelberger<br>  PA Bar No.  21569<br>**THE LAW OFFICES OF LOUIS M. HEIDELBERGER, ESQ. LLC**.<br>1229 Laurel Oak Lane<br>York, Pennsylvania 17403<br>Tel: (215)-284-8910<br>Fax: (267)-388-3996<br>Email: Louis.heidelberger@gmail.com | /s/ Susan Freya Olive.<br>Susan Freya Olive<br>  NC Bar No. 7252<br>A. Jose Cortina<br>  NC Bar No. 26113<br>**OLIVE & OLIVE, P.A.**<br>500 Memorial Street<br>P.O. Box 2049<br>Durham, NC 27702-2049<br>Tel: (919) 683-5514<br>emailboxMDNC@oliveandolive.com |